1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| CHRISTOPHER JOHN WILSON, | Case No.  1:21-cv-01051-NONE-EPG |
| Plaintiff, | SCREENING ORDER |
| v. | ORDER ALLOWING PLAINTIFF'S CLAIMS TO PROCEED REGARDING FAILURE TO RECEIVE ECONOMIC IMPACT PAYMENTS |
| DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE, | |
| Defendant. | (ECF No. 1) |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Plaintiff Christopher John Wilson is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff filed his complaint on July 6, 2021. (ECF No. 1). The complaint is now before this Court for screening.

For the reasons described below, the Court finds that Plaintiff's claim against the Defendant Department of Treasury[1] regarding Plaintiff's failure to receive economic impact payments should proceed past screening.

As the Court has found that Plaintiff's only claim should proceed past screening, the Court will, in due course, issue an order authorizing service of process on the Department of Treasury.

26
27
28

---

[1] The Complaint identifies the sole Defendant as "Department of Treasury Internal Revenue Service." (ECF No. 1, p. 2). However, the Internal Revenue Service is a bureau of the Department of Treasury and thus not the same entity as the Department of Treasury. Accordingly, the Court construes this lawsuit as being brought against the Department of Treasury. The Court is not making a determination that the Department of Treasury is the appropriate defendant in such a claim.

1      **I.**        **SCREENING REQUIREMENT**

2         The Court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *see*

4  *Hulsey v. Mnuchin*, No. 21-CV-02280-PJH, 2021 WL 1561626, at *1 (N.D. Cal. Apr. 21, 2021)

5  (screening similar allegations under § 1915A(a) brought against former United States Secretary of

6  the Treasury Steven Mnuchin). The Court must dismiss a complaint or portion thereof if the

7  prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

8  which relief may be granted, or that seek monetary relief from a defendant who is immune from

9  such relief.  28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court

10  also screens the complaint under 28 U.S.C. § 1915. (ECF No. 6). "Notwithstanding any filing fee,

11  or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the

12  court determines that" the action is "frivolous or malicious" or "fails to state a claim upon which

13  relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

14         A complaint is required to contain "a short and plain statement of the claim showing that

15  the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

16  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

17  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

18  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient

19  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

20  (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting

21  this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are

22  not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,

23  681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's

24  legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

25         Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

26  pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

27      **II.**        **SUMMARY OF PLAINTIFF'S COMPLAINT**

28         Plaintiff filed his complaint on a "Civil Rights Complaint by a Prisoner" form, checking a

box indicating that this Court has jurisdiction under 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983.[2] (ECF No. 1, p. 1). As for the right that Plaintiff asserts was violated, his single cause of action lists "(the Cares Act) Coronavirus Aid Relief and Economic Security Act."[3] (*Id.* at 3).

Plaintiff states that the CARES Act was passed "to issue economic impact payments." (*Id.*). Plaintiff file a Form 1040 "in February 2021 and received no return" and thereafter "wrote several letters to the IRS and none were responded to." (*Id.*). Plaintiff "filed another Form 1040 in March 2021 claiming the recovery rebate credit and again ha[s] not received no refund of the $1200.00, $600.00, or $1400.00." (*Id.*). Accordingly, Plaintiff wrote letters to the IRS again and has not received a response. (*Id.*). Plaintiff asserts that "the IRS is . . . denying Plaintiff his rightful economic impact payments seemingly because Plaintiff is currently incarcerated." (*Id.*). As for his request for relief, Plaintiff asks "that the IRS . . . provide [him] with a check for $3200.00 . . . and or the remaining unissued refunds." (*Id.* at 4).

### III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

The Court first provides a brief background of the relevant statutes relating to the economic impact payments (EIPs) that Plaintiff alleges he should receive.

#### A.  Statutes Providing Economic Impact Payments

Three Federal Acts are implicated in this action: the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), passed on March 27, 2020, Pub. L. 116-136, 134 Stat. 281 (2020); the Consolidated Appropriations Act, 2021 (CAA), passed on December 27, 2020, Pub. L. 116-260, 134 Stat. 1182 (2020); and the American Rescue Plan Act of 2021 (ARPA), passed on March 11, 2021, Pub. L. 117-2, 135 Stat. 4. Each of these acts provided for EIPs (or advanced refunds) to be issued to "eligible individual[s]": $1200.00 under the CARES Act, 26 U.S.C. § 6428(a)-(d); $600 under the CAA, 26 U.S.C. § 6428A(a)-(d); and $1400.00 under the ARPA, 26 U.S.C. § 6428B(a)-(d).

Under the CARES Act and CAA, an "eligible individual" is any individual other than (1)

---

[2] Section 1343(a) states that court have original jurisdiction over certain civil actions, including actions for damages to redress deprivations of Federally secured civil rights.

[3] Minor alterations, such as altering punctuation, have been made to Plaintiff's quoted statements without indicating each specific change.

a nonresident alien, (2) "any individual with respect to whom a deduction under [26 U.S.C. § 151] is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins," and (3) an estate or trust. 26 U.S.C. § 6428(d)(1)-(3); 26 U.S.C. § 6428A(d)(1)-(3). Under the ARPA, an "eligible individual" is any individual other than (1) a nonresident alien, (2) "any individual who is a dependent of another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins," and (3) an estate or trust. 26 U.S.C. § 6428B(c)(1)-(3).

### B.  Prisoners' Eligibility for EIPs

One case, brought, in part, under the Administrative Procedure Act (APA), has held that incarcerated persons are "eligible individuals" to receive EIPs under the CARES Act. In *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008 (N.D. Cal. 2020) (*Scholl I*), *appeal dismissed*, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020), the Court addressed a motion for a preliminary injunction and a motion to certify a class of incarcerated and formerly incarcerated persons who were denied EIPs under the CARES Act, providing the following discussion of the Act and its interpretation by the IRS:

> The CARES Act, codified in part at section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes the following mechanism for the IRS to issue EIP to eligible individuals. First, subsection (a) establishes a tax credit for eligible individuals in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. 26 U.S.C. § 6428(a). This amount is credited against an eligible individual's federal income tax for the year 2020. *Id.* The amount of the credit is reduced "by 5 percent of so much of the taxpayer's adjusted gross income" that exceeds $150,000 for joint filers, $112,500 for a head of household, and $75,000 in all other cases. § 6428(c). For purposes of the CARES Act, an eligible individual is defined as "any individual" other than (1) any nonresident alien individual, (2) any individual who is allowed as a dependent deduction on another taxpayer's return, and (3) an estate or trust. § 6428(d).

> The EIP is an advance refund of the subsection (a) tax credit and subsection (f) describes the mechanism for implementing the advance refund. Paragraph (1) of subsection (f) provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." § 6428(f)(1). Paragraph (5) of subsection (f) permits the IRS to substitute taxable year 2018 for taxable year 2019 in paragraph (f)(1) and further allows the IRS to use information for calendar year 2019 provided in Form SSA-1099 or Form RRB-1099 (relating

to Social Security benefit statements) if an individual has not filed a tax return for either 2018 or 2019. § 6428(f)(5). Thus, if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit.

Paragraph (3) of subsection (f) requires the IRS to "refund or credit any overpayment attributable to this section as rapidly as possible." § 6428(f)(3). Additionally, Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." *Id.* The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit then the amount of the credit is reduced by the aggregate amount of the refund. § 6428(e). Finally, the CARES Act delegates to the Secretary of the Treasury the authority to "prescribe such regulations or other guidance as may be necessary to carry out the purposes of this section, including any such measures as are deemed appropriate to avoid allowing multiple credits or rebates to a taxpayer." § 6428(h).

Three days after the President signed the CARES Act, the IRS issued a news release explaining that the agency would calculate and automatically issue an EIP to eligible individuals. Mtn. at 2; Declaration of Yaman Salahi ("Salahi Decl."), Dkt. 11, Ex. 1 at 1. The IRS also established an online portal for individuals who are not typically required to file federal income tax returns (e.g., an individual's income is less than $12,200), which allows those non-filers to enter their information to see if they qualify for an EIP. Mtn. at 3; Salahi Decl., Ex. 2. Individuals who use the non-filer online portal have until October 15, 2020 to register in order to receive the EIP by the December 31, 2020 deadline imposed by the CARES Act. Mtn. at 3; Salahi Decl., Ex. 3.

On May 6, 2020, the IRS published responses to "Frequently Asked Questions" ("FAQ") on the IRS.gov website. Mtn. at 3; Salahi Decl., Ex. 4. Question 15 asked "Does someone who is incarcerated qualify for the Payment [i.e., an EIP]?" The IRS responded:

> A15. No. A Payment made to someone who is incarcerated should be returned to the IRS by following the instructions about repayments. A person is incarcerated if he or she is described in one or more of clauses (i) through (v) of Section 202(x)(1)(A) of the Social Security Act (42 U.S.C. § 402 (x)(1)(A)(i) through (v)). For a Payment made with respect to a joint return where only one spouse is incarcerated, you only need to return the portion of the Payment made on account of the incarcerated spouse. This amount will be $1,200 unless adjusted gross income exceeded $150,000.

Salahi Decl., Ex. 4. On June 18, 2020, the IRS updated its internal procedures manual to reflect the policy stated in response to the FAQ. *Id.*, Ex. 5.

On June 30, 2020, the Treasury Inspector General for Tax Administration ("TIGTA") issued a report on the interim results of the 2020 filing season, including results of an audit on the IRS's issuance of the EIPs. *Id.*, Ex. 6. The TIGTA noted that on April 10, 2020 the IRS issued 81.4 million payments pursuant to the CARES Act and some of those payments were sent to incarcerated

persons and deceased individuals. *Id.* at 4. At the time, the TIGTA notified IRS management of its concern regarding the issuance of such payments to incarcerated persons. The report then stated "IRS management noted that payments to these populations of individuals were allowed because the CARES Act does not prohibit them from receiving a payment. However, the IRS subsequently changed its position, noting that individuals who are prisoners or deceased are not entitled to an EIP." *Id.* at 5. The IRS provided taxpayer identification numbers of incarcerated persons to the Bureau of Fiscal Service ("BFS") and requested that BFS remove those individuals from subsequent payments issued on May 1, 2020 and May 8, 2020. *Id.* There were no payments to incarcerated persons in these later tranches.

TIGTA calculated that the April 10th disbursement sent 84,861 payments totaling approximately $100 million to incarcerated persons. *Id.* at 6, fig. 3. In response to these already issued payments, the IRS issued guidance, as reflected in the FAQ, that individuals who received a direct deposit payment in error should repay the advance refund by submitting a personal check or money order to the IRS. *Id.* at 6. Individuals who received a paper EIP check were instructed to return the voided check to the IRS. *Id.* Further, plaintiffs cite news stories reporting that the IRS took proactive steps to intercept and retrieve the April 10th payments such as directing state corrections departments to intercept payments made to incarcerated persons and return them to the IRS. Mtn. at 5; Salahi Decl., Ex. 7.

Plaintiffs seek to certify a class of all individuals who were incarcerated across the United States since March 27, 2020 and meet the eligibility requirements described in the CARES Act. They also seek a preliminary injunction to enjoin defendants from enforcing their policy of excluding both plaintiffs and proposed class members from receiving EIPs based on their incarcerated status alone.

*Id.* at 1020–23 (internal footnotes omitted).

The court characterized the plaintiffs' "APA claims [as] depend[ing] on whether the Treasury Secretary and the IRS [were] properly interpreting and implementing the CARES Act." *Id.* at 1028.  In considering whether incarcerated persons were "eligible individuals" under the CARES Act for purposes of granting a preliminary injunction, the court concluded that the defendants' exclusion of individuals, based on only their incarcerated status, was erroneous:

The second inquiry is whether incarcerated persons are eligible individuals. On this question, the statute is brief and to the point. Section 6428(d) states:

For purposes of this section, the term "eligible individual" means any individual other than (1) any nonresident alien individual, (2) any individual with respect to whom a deduction under section 151 is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins, and (3) an estate or trust.

§ 6428(d). There is no indication that Congress left the definition of "eligible individual" open-ended or otherwise up to the Secretary's discretion to change.

6

*See Jimenez v. Quarterman*, 555 U.S. 113, 118, 129 S. Ct. 681, 172 L.Ed.2d 475 (2009) ("It is well established that, when the statutory language is plain, we must enforce it according to its terms.").

*Id.* at 1034.

Additionally, the court provisionally certified the following class of persons:

All United States citizens and legal permanent residents who:

(a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;

(b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;

(c) were not claimed as a dependent on another person's tax return; and

(d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.

Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

*Id.* at 1047.

In *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020) (*Scholl II*), *appeal dismissed* (Dec. 11, 2020), the court followed the line of reasoning in its earlier order, ruling that the CARES Act did not permit incarcerated persons to be denied EIPs solely because of their incarcerated status:

The court has determined above that the IRS's decision to exclude incarcerated individuals from receiving an EIP solely on the basis of their status as incarcerated individuals violated the APA. The court finds that declaratory relief is a proper remedy for defendants' violation of the APA. Thus, the court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated. The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

*Id.* at 692.

In connection with this determination, the court certified the class as defined above and

7

granted a permanent injunction:

> Defendants Steven Mnuchin, in his official capacity as the Secretary of the U.S. Department of Treasury; Charles Rettig, in his official capacity as U.S. Commissioner of Internal Revenue; the U.S. Department of the Treasury; the U.S. Internal Revenue Service; and the United States of America, are hereby enjoined from withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarcerated status. Within 30 days of the court's September 24, 2020 order, defendants shall reconsider advance refund payments to those who are entitled to such payment based on information available in the IRS's records (i.e., 2018 or 2019 tax returns), but from whom benefits have thus far been withheld, intercepted, or returned on the sole basis of their incarcerated status. Within 30 days of the court's September 24, 2020 order, defendants shall reconsider any claim filed through the "non-filer" online portal or otherwise that was previously denied solely on the basis of the claimant's incarcerated status. Defendants shall take all necessary steps to effectuate these reconsiderations, including updates to the IRS website and communicating to federal and state correctional facilities. Within 45 days of the court's September 24, 2020 order, defendants shall file a declaration confirming these steps have been implemented, including data regarding the number and amount of benefits that have been disbursed.

*Id.* at 692-93.

The Court emphasized that its decision was based on the APA and the Court did not reach whether any incarcerated or formerly incarcerated individual was wrongly denied EIPs:

> At its core, this is not a tax refund action; rather, plaintiffs' claims are grounded in the APA and challenge the IRS's interpretation of the CARES Act and the procedures by which the IRS arrived at its interpretation. While it is true that plaintiffs aver that they are eligible individuals and otherwise meet the criteria established by the Act, these facts are not necessary to prevail on an APA claim. The focus of an APA claim is on the agency's action, not on the plaintiffs. Of course, plaintiffs must meet Article III's standing requirement as well as other prudential requirements, such as the zone-of-interest test, to establish a personal stake in the outcome of the case.
>
> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments. Indeed, the court's Rule 23(b)(2) finding was premised on the "indivisible nature of the injunctive or declaratory remedy warranted" but not "an individualized award of monetary damages." Dkt. 50 at 42 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61, 131 S. Ct. 2541, 180 L.Ed.2d 374 (2011)). The court's determination in this order is that the IRS's action was "arbitrary, capricious, . . . or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency action. 5 U.S.C. § 706(2). It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

1    *Id.* at 691.

2    The defendants in *Scholl* later reported that, prior to the December 31, 2020 deadline for

3    payment of refunds under the CARES act, *see* 26 U.S.C. § 6428(f)(3), 385,995 incarcerated

4    individuals were issued payments after they were reconsidered despite previously being identified

5    as incarcerated. *Scholl v. Mnuchin*, No. 4:20-cv-5309-PJH (ECF No. 178, p. 3). In addition,

6    950,000 incarcerated individuals had received payments before their accounts were marked as

7    incarcerated. *Id.*

8        **C.  Plaintiff's Claims**

9    Here, Plaintiff asserts that despite filing income tax returns and writing letters to the IRS,

10   he has not received any of the EIPs provided by the CARES Act, the CAA, or the ARPA. (ECF

11   No. 1, p. 3).

12   Given the legal discussion above, and Plaintiff's allegation that he failed to receive

13   payments due to his incarcerated status, the Court will allow his claim to proceed past the

14   screening stage.[4]

15       **IV.   CONCLUSION AND ORDER**

16   The Court has screened Plaintiff's complaint and finds that Plaintiff's claim against

17   Defendant Department of Treasury regarding Plaintiff's failure to receive economic impact

18   payments should proceed past screening.

19   _____

20   [4] The Court notes that some courts have concluded that there is no private right of action under the
     CARES Act, the CAA, and the ARPA. *See, e.g., Puckett v. U.S. Dep't of Treasury Internal Revenue Serv.*,

21   No. 1:21 CV 425, 2021 WL 2550995, at *2 (N.D. Ohio June 22, 2021) ("[Plaintiff] has not pointed to any
     such statute nor has he referred the Court to any statutory or case law authority which would allow him to

22   maintain an action against the United States under the CARES Act for receipt of specific non-disbursed
     funds. The CARES Act did not establish a private right of action to dispute the IRS's determination of an

23   individual's eligibility for the EIP."); *Walters v. Mnuchin*, No. 3:21-cv-275-JD-MGG, 2021 WL
     2105387, at *4 (N.D. Ind. May 25, 2021) ("[T]here is no suggestion there is a private cause of action

24   under the CARES Act for receipt of specific non-disbursed funds. . . ."); *Harden v. Yellen*, No. 21-cv-
     0362-BHL, 2021 WL 1515478, at *2 (E.D. Wis. Apr. 16, 2021) (concluding there was no private cause of

25   action for incarcerated plaintiff to recover EIPS under the CARES Act, the CAA, and the ARPA).
     However, at least one court has allowed a claim to proceed past screening concerning a plaintiff's failure

26   to receive EIPs. *See Terry v. Yellen*, No. 3:21-CV-33, 2021 WL 2587237, at *2 (S.D. Ohio June 24, 2021)
     (allowing claim for EIPs under the CARES Act, the CAA, and the ARPA to proceed past initial

27   screening). This Court has not found any precedent from the Ninth Circuit on this point. By allowing the
     case to proceed past screening, the Court is not precluding Defendant from moving to dismiss based on a

28   lack of private right of action or any other grounds.

As the Court has found that Plaintiff's only claim should proceed past screening, the Court will, in due course, issue an order authorizing service of process on the Department of Treasury.

IT IS SO ORDERED.

Dated:   **September 22, 2021**                    /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE