**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>       Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE,<br><br>       Defendant. | Case No.: 1:21-cv-1051 JLT EPG<br><br>ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND GRANTING LEAVE TO AMEND<br><br>(Doc. 19) |

Christopher John Wilson asserts he did not receive economic impact payments to which he was entitled under the Coronavirus Aid, Relief, and Economic Security Act. (*See generally* Doc. 1) The Government[1] seeks dismissal of the matter pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing the Court lacks jurisdiction and Wilson failed to state a claim upon which relief can be granted. (Doc. 19.)

The Court finds the matter suitable for decision without oral argument and a hearing date will not be set pursuant to Local Rule 23(g). For the reasons set forth below, the Government's motion to dismiss is **GRANTED**, and the complaint is dismissed with leave to amend.

---

[1] The Complaint identifies the sole Defendant as "Department of Treasury Internal Revenue Service." (Doc. 1 at 1, 2.) The Internal Revenue Service is a bureau of the Department of Treasury, and thus is not the same entity as the Department of Treasury. Regardless, the United States is the proper defendant, as Plaintiff's seeks a refund payment pursuant to 26 U.S.C. § 7422. Pursuant to Section 7422, a suit for refund "may be maintained only against the United States." 26 U.S.C. § 7422(f)(1); *see also, e.g., Nix El v. IRS*, 233 F. Supp. 3d 65, 67 (D.D.C. 2017). Accordingly, the United States has appeared and filed the motion now pending.

1

## I. Background and Allegations

Wilson notes the CARES Act "established a mechanism for the Internal Revenue Service, IRS, to [i]ssue Economic Impact Payments." (Doc. 1 at 3.) Wilson alleges that he filed a Form 1040 for his individual income tax return "in February 2021 and received no return." (*Id.*) Wilson asserts he "then wrote several letters to the IRS and none were responded to," after which he "again filed another Form 1040 in March 2021 claiming the recovery Rebate Credit." (*Id.*) According to Wilson, he did not receive the refund payments of $1,200.00; $600.00; or $1,400.00. (*Id.*) Wilson asserts he again "wrote letters to the IRS and still received no response." (*Id.*) As a result, Wilson contends the IRS is "denying … his rightful Economic Impact Payments seemingly because Plaintiff is currently incarcerated." (*Id.*) Thus, Wilson requests the IRS provide "a check for $3,200.00" "and or the remaining unissued [r]efunds." (*Id.* at 4.)

Wilson initiated this action by filing his complaint on July 6, 2021. (Doc. 1.) The Court issued an order reviewing the allegations of the complaint, and determined service was appropriate on September 22, 2021. (Doc. 7.) In doing so, the Court indicated: "By allowing the case to proceed past screening, the Court is not precluding Defendant from moving to dismiss based on a lack of private right of action or any other grounds." (*Id.* at 9, n. 4.)

On March 14, 2022, the Government filed its motion to dismiss the action pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 19.) Wilson did not oppose—or otherwise respond to— the request for dismissal.

## II. Dismissal under Rule 12(b)(1)

The district court is a court of limited jurisdiction, and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, a plaintiff carries the burden of demonstrating the Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv*., 447 F.3d 1248, 1250 (9th Cir. 2006).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a claim for relief for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)). Thus, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The Ninth Circuit explained:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004). On a motion to dismiss under Rule 12(b)(1), the standards that must be applied by the Court vary according to the nature of the jurisdictional challenge.

If a defendant presents a *facial* challenge to the Court's jurisdiction, the Court must presume the truth of the plaintiff's factual allegations "and draw all reasonable inferences in his favor." *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). The Court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). However, the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. *Safe Air*, 373 F.3d at 1039.

On the other hand, if a defendant presents a *factual* challenge to the Court's jurisdiction, the Court "may review any evidence, such as affidavits and testimony." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Warren*, 328 F.3d at 1139. The Ninth Circuit explained: "Faced with a factual attack on subject matter jurisdiction, 'the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from

evaluating for itself the merits of jurisdictional claims.'" *Thornhill Pub. Co.*, 594 F.2d at 734 (quoting *Mortenson v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (1977)).

### III.     Dismissal under Rule 12(b)(6)

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

The Supreme Court explained: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

"The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### IV.     Discussion and Analysis

The Government contends Wilson is unable to obtain an economic impact payment under the CARES Act, because the deadline for such payments has passed. (Doc. 19 at 6-7.) In addition, the Government asserts the matter should be dismissed because Plaintiff did not allege that he filed an administrative claim for refund with the IRS. (*Id.* at 6, 8-10.) Because the Government limits its

jurisdictional arguments to the allegations in the complaint, the Government makes a facial challenge to the Court's jurisdiction. *See Safe Air*, 373 F.3d at 1038.

### A. Economic Impact Payments

In response to the COVID-19 pandemic, three federal acts provided economic impact payments ("EIPs") to eligible individuals. Payments in the amount of $1,200 per individual were made under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), passed on March 27, 2020, Pub. L. 116-136, 134 Stat. 281 (2020). 26 U.S.C. 23 § 6428(a)-(d). Payments in the amount of $600.00 were issued under the Consolidated Appropriations Act, 2021, passed on December 27, 2020, Pub. L. 116-260, 134 Stat. 1182 (2020). 26 U.S.C. § 6428A(a)-(d). Finally, payments in the amount of $1,400 were made under the American Rescue Plan Act of 2021, passed March 11, 2021, Pub. L. 117-2, 135 Stat. 4. 26 U.S.C. § 6428B(a)-(d). Wilson asserts that he was entitled to the EIPs in the amount of $1,200.00; $600.00; [and] $1,400.00" (Doc. 1 at 3) but did not receive them.

### B. Payments under the CARES Act

The CARES Act established a mechanism for the IRS to issue economic impact payments to eligible individuals in the form of a tax credit. *Scholl v. Mnuchin (Scholl I)*, 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), *appeal dismissed*, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Under Section 6428(a), eligible individuals could receive a tax credit in the amount of $1,200. *Scholl I*, 489 F. Supp. 3d at 1020 (citing 26 U.S.C. § 6424(a)). This amount is credited against the individual's federal income tax for the year 2020. *Id.* For purposes of the CARES Act, eligible individual includes "any individual" other than: (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust. *Id.* at 1021 (citing 26 U.S.C. § 6424(d)). Incarcerated persons—such as Wilson— were "eligible individuals" to receive EIPs under the CARES Act. *Scholl v. Mnuchin (Scholl II)*, 494 F. Supp. 3d 661, 689 (N.D. Cal. 2020).

The CARES Act provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." *Scholl II*, 494 F. Supp. 3d at 670 (quoting 26 U.S.C. § 6428(f)(1)). Therefore, "if

an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." *Id.*

Wilson contends he is incarcerated and alleges the IRS did not issue "his rightful Economic Impact Payments seemingly because [he] is currently incarcerated. (Doc. 1 at 3.) Importantly, however, Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A). Thus, the CARES Act imposed a clear deadline of December 31, 2020 for making any economic impact payments. *Id*; *see also Scholl I*, 489 F. Supp. 3d at 1043 ("The CARES Act places an unambiguous deadline on advance refund payments of December 31, 2020."). That deadline expired many months before Wilson filed his complaint on July 6, 2021, and no more funds may be issued. Accordingly, Wilson is unable to state a cognizable claim—and the Court is unable to grant the relief requested—under the CARES Act.

### C. Claim for Tax Refund

Wilson requests the Court direct the IRS to pay "remaining unissued [r]efunds." (Doc. 1 at 4.) The Government has waived its sovereign immunity with respect to civil actions seeking a refund or credit on overpaid taxes. *See* 28 U.S.C. § 1346(a)(1); *see also Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996). The Government's consent to suit is limited as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected … until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Consequently, before filing suit in federal court for a tax credit or refund, a taxpayer must file an administrative claim with the IRS. *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008); *Omohundro v. United States*, 300 F.3d 1065, 1066 (9th Cir. 2002); *see also* 26 U.S.C. § 7422(a).

Furthermore, a taxpayer must file a refund claim with the IRS, within the time limits established by the Internal Revenue Code. *Northern Life Ins. Co. v. United States*, 685 F.2d 277, 279 (9th Cir. 1982) ("filing of a timely claim is jurisdictional for a refund suit and cannot be waived"); *Crimson v. United States*, 550 F.2d 1205, 1206 (9th Cir. 1977) (affirming dismissal for lack of

jurisdiction where the plaintiffs did "not file[] a proper claim for a refund within the statuary time period"). Thus, "[a] taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit." *Omohundro*, 300 F.3d at 1066-67; *Danoff v. United States*, 324 F. Supp. 2d 1086, 1092 (C.D. Cal. 2004). The IRS has six months to either reject or elect to not act upon the claim. *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985) (citations omitted).

The Government asserts dismissal of Wilson's complaint is appropriate because he does not allege filing "a proper administrative claim for refund with the IRS." (Doc. 19 at 6.) The Government notes Wilson "alleges that he filed a Form 1040 in February 2021, wrote several letters to the IRS, and filed another Form 1040 in March 2021, but that he has not received EIPs of $1200.00, $600.00, or $1400.00." (*Id.* at 8, citing Doc. 1 at 3 [internal quotation marks omitted].) However, the Government asserts the Forms 1040 filed by Wilson "cannot serve as an administrative claim that could give this Court jurisdiction over these claims because they fall outside the time limits prescribe by Section 6532(a)." (*Id.*)

Wilson does not allege any details asserted in his 1040 tax forms filed in February and March 2021, such that the Court may determine filing the forms satisfied the administrative claim requirement. For example, Wilson does not indicate whether he verified by written declaration that his tax claims were submitted under penalty of perjury; he does not attach any documents to support his assertion of submitting an administratively-compliant claim; and he does not identify what evidence, if any, he submitted to the IRS to support his request the payment of EIPs. *See* 26 C.F.R. § 301.6402-2(b); *Provenzano v. United States,* 123 F. Supp. 2d 554, 557-58 (S.D. Cal. 2020); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007). This is significant because a taxpayer cannot recover in a lawsuit "for refund on a different ground than that set forth in the claim for refund." *Dunn & Black, P.S.*, 492 F.3d at 1091 (emphasis, citation omitted). The 1040 tax forms Wilson filed also could not encompass the EIPs paid under the American Rescue Plan Act, which was passed on March 11, 2021. 26 U.S.C. § 6428B(a)-(d). Thus, the Court is unable to find Wilson complied with the administrative claim requirements to bring suit under Section 7422(a).

Moreover, the allegation are insufficient to determine Wilson complied with the requirements

7

of Section 6532(a), which provides: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time…" 26 U.S.C. § 6532(a). Because Wilson alleges he filed the 1040 tax forms in February 2021 and March 2021, no civil action could be brought prior to August 2021 (for the form filed in February) and September 2021 (for the form filed in March), unless a decision was issued upon his claims. However, Wilson does not allege decisions were issued on his 1040 forms prior to him filing suit. To the contrary, Wilson asserts that he did not receive a refund or responses to any of his letters from the IRS. (Doc. 1 at 3.) For this reason as well, it appears the Court lacks jurisdiction over the claim for a tax refund.

## V. Leave to Amend

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

Due to the sparsity of allegations in the complaint, the Court has insufficient information to conclude that amendment is futile. Wilson has not alleged he submitted an administrative claim related to the EIPs, but the Court is unable to conclude this did not occur. Amendment would allow Wilson to address the contents of his submissions to the IRS, and allow the Court to clarify whether he complied with the jurisdictional requirements. Further, it does not appear that allowing amendment would cause undue delay at this juncture, and there is no evidence the plaintiff acted in bad faith. Thus, leave to amend is appropriate, and Wilson will be granted **one opportunity** to allege facts sufficient to state a

8

cognizable claim and support a conclusion that this Court has jurisdiction over the matter. *See Strojnik v. Wickstrom Hospitality, LLC*, 2020 WL 1467067, at *7 (E.D. Cal. Mar. 25, 2020) (granting leave to amend for the plaintiff to address jurisdictional deficiencies); *see also Cook*, 911 F.2d at 247.

## VI.     Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. The motion to dismiss (Doc. 19) is **GRANTED**.
2. The complaint is **DISMISSED** with leave to amend.
3. Plaintiff **SHALL** file any First Amended Complaint within 45 days of the date of service of this order.

**Plaintiff is informed that failure to file an amended complaint will result in the action being dismissed without prejudice for failure to prosecute and failure to obey the Court's order.**

IT IS SO ORDERED.

Dated:     **May 2, 2022**

UNITED STATES DISTRICT JUDGE