**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No.: 1:21-cv-1051 JLT EPG<br><br>ORDER DISMISSING THE ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER<br><br>(Doc. 19) |

Christopher John Wilson asserts he did not receive economic impact payments to which he was entitled under the Coronavirus Aid, Relief, and Economic Security Act. (*See* Doc. 19.) Because Plaintiff failed to prosecute the action and failed to comply with the Court's order, the action is **DISMISSED** with prejudice.

**I.    Relevant Background**

Wilson initiated this action by filing a complaint on July 6, 2021. (Doc. 1.) Wilson alleged he filed a Form 1040 for his individual income tax return "in February 2021 and received no return." (*Id*.) He asserted he "then wrote several letters to the IRS and none were responded to," after which he "again filed another Form 1040 in March 2021 claiming the recovery Rebate Credit." (*Id*.) According to Wilson, he did not receive the refund payments of $1,200.00; $600.00; or $1,400.00. (*Id*.) Wilson alleged he again "wrote letters to the IRS and still received no response." (*Id*.) As a result, Wilson

1

asserted the IRS is "denying ... his rightful Economic Impact Payments seemingly because Plaintiff is currently incarcerated." (*Id.*) Thus, Wilson requested the IRS provide "a check for $3,200.00" "and or the remaining unissued [r]efunds." (*Id.* at 4.)

The Government filed a motion to dismiss complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 19.) On May 2, 2022, the Court determined Wilson was unable to state a cognizable claim—and the Court was unable to grant the requested relief—under the CARES Act. (Doc. 21 at 5-6.) In addition, the allegations were insufficient to determine whether Wilson complied with the administrative claim requirements for a tax refund. (*Id.* at 6-8.) Thus, the Court was unable to determine whether it has jurisdiction over the matter. (*Id.* at 8.) The Court observed: "Amendment would allow Wilson to address the contents of his submissions to the IRS, and allow the Court to clarify whether he complied with the jurisdictional requirements." (*Id.*) Therefore, the Complaint was dismissed with leave to amend, and Wilson was directed "file any First Amended Complaint with 45 days of the date of service…" (*Id.* at 9.) Wilson was also "informed that failure to file an amended complaint will result in the action being dismissed without prejudice for failure to prosecute and failure to obey the Court's order." (*Id.*, emphasis omitted.)

The Court served Wilson at the address on record on May 2, 2022. However, Wilson filed a notice of change of address two days later. (Doc. 22.) The Clerk of Court served the order to the new address on May 5, 2022. (*See* Docket; *see also* Doc. 23.) Consequently, based upon the most recent date of service, any amended complaint was due no later than June 20, 2022. To date, Wilson has not filed an amended complaint or otherwise responded to the Court's order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

to comply with an order to file an amended complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

### III.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

#### A.     Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon the failure to comply with the Court's order and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

#### B.    Prejudice to Defendant

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp*., 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Wilson has not taken action to further the prosecution of the action, despite being ordered by the Court to file an

amended complaint following the dismissal of the initial pleading. Therefore, this factor weighs in favor of dismissal of the action.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

In the order addressing the motion to dismiss, the Court warned Wilson that "**failure to file an amended complaint will result in the action being dismissed without prejudice for failure to prosecute and failure to obey the Court's order**." (Doc. 21 at 9, emphasis in original)." Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warning satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Wilson's failure to prosecute the action and failure to comply with the Court's order, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV. Conclusion and Order

Wilson failed to prosecute this action though his failure to file an amended complaint. In addition, Wilson failed to comply with the Court's order dated May 2, 2022 (Doc. 9), despite a warning that terminating sanctions may be imposed.

Based upon the foregoing, the Court **ORDERS**:

1. This action is **DISMISSED** with prejudice.
2. The Clerk of Court is **DIRECTED** to close the action.

IT IS SO ORDERED.

Dated:   **July 6, 2022**

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE